JOSEPH P. KREYCIK, APPELLEE, v. CHICAGO & NORTH-WESTERN RAILWAY COMPANY, APPELLANT.

FILED JUNE 23, 1914. No. 17,771.

Railroads: INJURY TO LIVE STOCK: EVIDENCE. The fact that an unfastened gate in a fence between a pasture and the right of way of a railroad company was opened by cattle may be established by circumstantial evidence, and in this an action for damages for the killing of cattle by a railroad train the evidence is examined and *held* to sustain the verdict.

APPEAL from the district court for Cherry county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*A. A. McLaughlin, Edgar R. Hart* and *Wymer Dressler,* for appellant.

*M. F. Harrington* and *John M. Tucker, contra.*

LETTON, J.

Plaintiff is a ranchman owning a pasture adjoining the right of way of the defendant railroad company on the south. A private crossing of the railroad with gates on each side of the right of way opened from the pasture. On March 4, 1910, plaintiff had between 300 and 400 head of cattle in the pasture. In the afternoon of that day a number of the cattle passed upon the railroad track through the gate on the south side of the right of way, and nine were killed by a train. This action is to recover damages for the loss of the cattle.

The petition alleges that defendant for a long time before March 4, 1910, had kept and maintained this gate

"in a shaky, loose, wobbly, unfastened, unsafe" condition, and "in such condition as not to resist the pushing or rubbing of cattle," and that the cattle killed pushed against the gate and passed through an opening made between the gate and post. The answer is a general denial.

The proof shows that the gate was old and somewhat rickety. It was not hung on hinges, but was held up by two posts at each side of the opening, and was opened by being pulled from between the posts at one end and then swung round. Several witnesses for plaintiff testify that it could be sprung from between the posts by pushing against it; while defendant's witnesses say that, while it had been broken and repaired, the gate was in fairly good condition. Two sectionmen who were on the train which struck the cattle say the gate was standing open, leaving a space of about four feet between the gate and the post, and that it was opened into the pasture. All witnesses who were present that evening and the next morning say that the ground was soft and muddy, and there were no tracks of any kind except cattle tracks at or near this gate, and that there were no wheel tracks, horse tracks, or human tracks near the corresponding gate on the north side of the track. It was shown that hunters and others sometimes passed through these gates with vehicles or on horseback, but there is nothing to show that any one had passed that day or had been seen in the vicinity. It was also shown that at this season of the year cattle are very apt to rub and push against gates, posts, and other structures. At the conclusion of plaintiff's evidence defendant moved for a directed verdict. This should have been sustained, as at that time the evidence was clearly insufficient to sustain a verdict. Defendant then produced witnesses. During their examination proof was made for the first time of the absence of any but cattle tracks at or near the gates. This was reinforced by the evidence of plaintiff when on the stand in rebuttal.

Defendant insists that the evidence is not sufficient to support a verdict, and that the court erred in giving certain instructions and in refusing others tendered. The

law of the case was practically submitted in two instruc-
tions, Nos. 4 and 5. The substance of No. 4 is that the
burden of proof was upon plaintiff, and that before he
could recover the jury must be satisfied from the prepond-
erance of the evidence that the south gate was on the 4th
of March, 1910, "in such a loose, unsafe, shaky, wobbly
and unfastened condition as to permit plaintiff's cattle to
open the same, and thereby get upon defendant's right of
way and railway. track where they were killed, and that
on account of said gate being in the aforesaid condition
the plaintiff's cattle did pass through said gate and onto
the defendant's track," etc. Defendant claims that this
instruction is erroneous, because it omits the necessary
element that the cattle opened the gate. It is true the
instruction would have been more accurate if this ele-
ment had been included, but we think that, taking the in-
struction as a whole, that the cattle must have opened the
gate before the plaintiff would be entitled to recover is
clearly implied, and the instruction must have been so
understood by the jury.

The next instruction tells the jury that, if they believe
that on that day some person left the gate in question
open, and by reason of it being left open by some person
the cattle passed through, then their verdict should be for
defendant. It seems to us these instructions submitted to
the jury the only issue in the case, and that it was unneces-
sary to give those requested by defendant.

With respect to the sufficiency of the evidence, defend-
ant calls our attention to the principle that circumstan-
tial evidence is not sufficient to sustain a verdict depend-
ing solely thereon for support, unless the circumstances
proved are of such a nature and so related to each other
that the conclusion is the only one that can fairly and rea-
sonably be drawn therefrom, and insists that from the
manner of construction of the gate it would be impossible
for the cattle to have opened it. The evidence as to the
weak condition of the gate itself is not so satisfactory as
to this being the cause of its being opened as that with re-
gard to the lack of a fastening of even the simplest nature.

The gate was defective in that the posts were not provided with the crosspiece on which, as is customary in this type of farm gate, the gate might rest, and upon which a notch in one of the boards might engage as a fastening, to prevent it being pushed open without first lifting it from the crosspiece. The gate could easily have been pushed or pulled laterally beyond the post, depending, of course, upon how far it had been inserted when closed, and once beyond the posts it could easily have been pushed ·or pulled in either direction. The fact that it was opened into the pasture, and not out of it, showed that it must have been pulled, but it is not unreasonable to believe, since no other agency seems to have intervened, that it· could have been and was done by an animal putting its head across the top of one of the other bars and rubbing and pulling. It was only open a few feet. The hypothesis urged by defendant that the gate was sprung from between the posts is not the only one on which plaintiff's case rests. The case is a close one on the facts, but, under the circumstances, we think that it is a fair conclusion that no other agency operated to open the gate than that of the cattle. The locality of the trial leads to the presumption that the jury were probably familiar with the habits of cattle, and they were probably better fitted to judge of the facts than this court is.

We are not convinced that the verdict is wrong, and the judgment of the district court is therefore

AFFIRMED.

FAWCETT, SEDGWICK and HAMER, JJ., not sitting.